THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELLIS TANNER, Appellant.

First Department, December 12, 1968.

John D. Goldman of counsel (Anthony F. Marra, attorney), for appellant.

Jerry Slater of counsel (Michael R. Juviler with him on the brief; Frank S. Hogan, District Attorney), for respondent.

STEUER, J. Defendant was convicted by a jury of attempted murder in the second degree, three counts of robbery in the first degree and criminally carrying a concealed weapon. As to all of these none of us entertains the slightest doubt of his guilt. Unfortunately, reversal of the conviction is mandated by authority which we may not ignore.

It appears that defendant and an accomplice, one Hughes, held up a store in this county. Upon an alarm being raised, the two fled in opposite directions. A police officer responded to the call and started in pursuit of the accomplice. Defendant turned and shot him in the back. Other officers apprehended the accomplice. Defendant made good his escape and went to his apartment in Brooklyn. Shortly after his arrival there, he accidentally shot himself with the same revolver that he had used against the officer. The police in Brooklyn were notified of this accident and he was taken by ambulance to Cumberland Hospital. Meanwhile the police had learned of his identity and sent out an alarm for his apprehension. In response to this alarm the Brooklyn police notified the officers in Manhattan of his whereabouts. The detectives in charge arrived at Cumberland Hospital at about 1:30 in the morning. Defendant was in bed undergoing intravenous feeding and was physically incapable of movement. He was interrogated without any warning as to his rights to remain silent or to have an attorney. For about an hour he made no response, but after that yielded and told the detectives about his participation. He was not arrested until the following morning. After a *Huntley* hearing the confession so obtained was allowed in evidence. We believe this to be error.

At the outset one element should be removed from the case. Despite the ordeal that defendant had undergone in suffering from his wound and its treatment, it is quite clear that neither his faculties nor his will was weakened by his condition. Decision rests on quite different grounds.

The moment of formal arrest does not mark the threshold when questioning without warning is impermissible. That moment is reached when the circumstances indicate that the person questioned is in custody. He is in custody when he has been deprived of his " freedom of action in any significant way " (*Miranda* v. *Arizona,* 384 U. S. 436, 444; *People* v. *Shivers,* 21 N Y 2d 118, 121). We do not take it to be the law that, in every instance where freedom of action is restricted by causes other than restraint enforced by authority, interrogation is interdicted. Where, as here, the defendant was immobilized by factors entirely independent of any police activity, it might

very well be that questioning would be proper if otherwise allowable.

But here the method of questioning indicates that it was custodial. The usual methods of such interrogation were followed. Finding antagonism and resistance to a joint interrogation, resort to a relay by different officers was had, until one was successful in gaining defendant's confidence. It is quite obvious that restriction of movement by the police was not enforced because it was unnecessary — for all practical purposes it already existed, and the substitution of official custody for the restraint of circumstances could be effected at the pleasure of the police. Using the methods of custodial restraint under these circumstances is the equivalent of restraint itself.

We reach these conclusions without enthusiasm because the guilt of the defendant was amply established by evidence of eyewitnesses which was not impugned. Despite this we may not allow the judgment of conviction to stand (*People* v. *Donovan*, 13 N Y 2d 148). Nor can we blame the police for the apparently unsocial result. It is not expected that they can keep abreast of the subtle variations which mark the borders between proper and improper questioning. However, it does seem to us that, when a prosecution is in no way dependent on a defendant's confession and satisfactory proof of guilt is available dehors the confession, the prosecutor might well forego offering in evidence a confession obtained under doubtful circumstances and thus jeopardize a conviction well warranted by the facts.

The judgment of conviction should be reversed on the law and a new trial ordered.

Eager, J. P., Capozzoli, Tilzer and Rabin, JJ., concur.

Judgment unanimously reversed, on the law, and a new trial ordered.